RECEIPT NUMBER
559 462

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

AA-J BREEDING, LLC, a California limited
liability company; SU-SIM, LLC, a Nevada limited
liability company; and DERBY STAKES, LLC, a
Nevada limited liability company;

        Plaintiffs,

vs.

GEOSTAR CORPORATION, a Michigan corporation;
GEOSTAR FINANCIAL SERVICES CORPORATION, a
Michigan corporation; GEOSTAR 2003-I DRILLING
PARTNERSHIP, a Delaware general partnership;
FIRST SOURCE WYOMING, INC., a Delaware corporation;
and GASTAR EXPLORATION, LTD, a Texas corporation,

        Defendants.

_____/

Case: 1:07-cv-12849
Assigned To: Ludington, Thomas L
Referral Judge: Binder, Charles E
Filed: 07-09-2007 At 03:22 PM
CMP AAJ BREEDING ET AL V GEOSTAR CO
RP (RRH)

Marc L. Newman (P51393)
Jayson E. Blake (P56128)
The Miller Law Firm, P.C.
Attorneys for Plaintiffs
950 West University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

_____/

## COMPLAINT

      Plaintiffs AA-J Breeding, LLC, Su-Sim, LLC, and Derby Stakes, LLC, by their attorneys,

The Miller Law Firm, and for their Complaint against Defendants, state as follows:

### JURIDICTIONAL ALLEGATIONS

      1.    Plaintiff AA-J Breeding, LLC ("AA-J") is a limited liability company organized

under the laws of the State of California, having its principal place of business in Santa Ana,

California.

773d681f64dc909e

2.      Plaintiff Derby Stakes, LLC ("Derby Stakes") is a limited liability company organized under the laws of the State of Nevada, having its principal place of business in Santa Ana, California.

3.      Plaintiff Su-Sim, LLC ("Su-Sim") is a limited liability company organized under the laws of the State of Nevada, having its principal place of business in Culver City, California.

4.      Defendant GeoStar Corporation is a Delaware corporation with its principal place of business located at 2480 W. Campus Drive, Building C., Mt. Pleasant, MI 48858.

5.      Defendant GeoStar Financial Services Corporation is a Michigan corporation with its principal place of business located at 2480 W. Campus Drive, Building C., Mt. Pleasant, MI 48858.

6.      Defendant GeoStar 2003-1 Drilling Partnership is a Delaware general partnership with is principal place of business located at 2480 W. Campus Drive, Building C., Mt. Pleasant, MI 48858.

7.      Defendant First Source Wyoming, Inc. is a Delaware corporation with its principal place of business located at 2480 W. Campus Drive, Building C., Mt. Pleasant, MI 48858.

8.      Defendant Gastar Exploration, LTD is a Canadian corporation with its principal place of business in Texas.  Gastar Exploration, LTD conducts continuous and systematic business in this District.

## GENERAL ALLEGATIONS

9.      This case arises our of the default by Defendants GeoStar Corporation, GeoStar Financial Services Corporation, GeoStar 2003-1 Drilling Partnership (collectively "GeoStar"), First Source Wyoming Inc., ("First Source") and Gastar Exploration Ltd. ("Gastar") on the terms of their agreements with Plaintiffs.

10.     Defendants first defaulted on the terms of their agreements with Plaintiff AA-J Breeding, LLC ("AA-J") in early December 2005.

11.     Defendants subsequently defaulted on the terms of their agreements with Plaintiffs Su-Sim and Derby Stakes.

12.     Plaintiffs had each initially invested substantial sums of money in Classicstar LLC., ("Classicstar") a horse breeding company and a wholly owned subsidiary of Geostar.

13.     Plaintiffs each voted to bifurcate their investments with Classicstar into (1) a Mare-Lease program with Classicstar; and (2) Working Interests in natural gas exploration in Geostar/Gastar ("Bifurcation"). A description of these two programs and the amounts of the investments by the Plaintiffs in these varying deals are described below.

## Classicstar Mare-Lease Program

14.     The Classicstar Mare-Lease Program allowed investors to lease thoroughbred mares from Classicstar for one breeding season. The resulting offspring became property of the lessee.

15.     The lessee under the Mare-Lease Program was also required to enter into an agreement with Classicstar to care for and treat the mares and their foals during the lease period.

16.     As a part of the investment in Classicstar, Plaintiffs signed promissory notes for loans from National Equine Lending Company ("NELC"), an alleged independent lender which was actually owned by a relative of the founder and principal of Classicstar, David Plummer. The purpose of the loans was to pay for fifty percent (50%) of the Plaintiffs' participation in the Mare-Lease program.

17.     Plaintiffs were encouraged to purchase expensive Mare Lease Programs by obtaining loans with NELC. As an example, Derby Stakes signed two notes with principal amounts of $1,238,136 and $843,440 and an interest rate of 6.25%.

18.     Though the loans from NELC were similar, one was intended to be short term and one long term. All Plaintiffs' short term loans were paid in full.

3

19.     Plaintiffs were promised that they would not have to make any principal or interest payments on the long-term loans with NELC. David Plummer of NELC claimed that the loans would be paid in full from the proceeds of the sale of the foals. David Plummer also orally promised that if the foals were sold for less than what the Plaintiffs owed on the long term loans with NELC, Classicstar would pay the balance due to NELC.

20.     In 2004, David Plummer of NELC and Tony Ferguson of Geostar approached Plaintiffs about participating in a company called First Equine Energy Partners, LLC ("FEEP"). Under the FEEP offering, participants in Classicstar could transfer their ownership of certain foals to FEEP in exchange for FEEP units. Geostar agreed to repurchase the units as a price of $1 per unit.

21.     David Plummer of NELC and Tony Ferguson of Geostar orally promised Plaintiffs that in exchange for participating in the FEEP program, that Plaintiffs were not required to pay the remainder of their loan obligations to NELC.

22.     Plaintiffs Derby Stakes and Su-Sim agreed to participate in the FEEP program. Therefore, their loan obligations to NELC were to be paid in full by the FEEP program or Classicstar.

23.     In September, 2006, Plaintiffs received notice informing them that they were in default on the terms of their loans with NELC. Around the same time, Plaintiffs received notice that if they relinquished their FEEP units, NELC would accept their loan obligations as paid in full.

24.     Plaintiffs did not begin receiving distributions from Classicstar until the latter part of 2006, although Classicstar issued K-1s for 2005 alleging sizable distributions to those entities.

### Gastar Stock

25.     The other portion of Plaintiff's investments with Classicstar became converted to working interest in wells drilled by Defendant First Source Wyoming, Inc. in the Powder River Basin in Wyoming (the "Working Interests"). As part of the investment, Plaintiffs were entitled to

4

convert their Working Interest into stock in Gastar, a wholly owned subsidiary of Geostar, at pre-set prices.

26.     Each of the Plaintiffs exercised their option to convert their Working Interests into Gastar stock, based at a price of $2.00 per share with $3.00 put.

27.     Despite several demands that Geostar provide the Gastar stock, Geostar refused to comply. Instead, Geostar provided Plaintiffs with a "Working Interest Purchase Agreement" that purported to allow Geostar to purchase Plaintiff's Working Interests with terms unacceptable to Plaintiffs.

28.     Plaintiffs sent Tony Ferguson of Geostar and David Plummer of NELC numerous letters and emails demanding that Geostar provide AA-J with 1,255,339 unrestricted shares in Gastar, pursuant to the parties' contract.

29.     Geostar did not respond until 2006, when they sent Plaintiffs another Working Interest Purchase Agreement (the "Revised Working Interest Purchase Agreement").

30.     Plaintiff AA-J accepted this Agreement.

31.     By the time Geostar offered AA-J the Revised Working Interest Purchase Agreement, Geostar had defaulted on the terms of the Working Interest Purchase Agreements with Plaintiff Derby Stakes and all of Plaintiff Su-Sim's investments. Geostar promised to provide Revised Working Interest Purchase Agreements for those Companies, but never did so.

32.     The terms of the Revised Working Interest Purchase Agreement with AA-J provided that in consideration for receiving AA-J's Working Interest, Geostar would pay to AA-J the sum of $2,659,504. Geostar agreed to pay $300,000 upon execution of the Revised Working Interest Purchase Agreement, with the remainder paid in equal installments over the following thirty-six (36) consecutive months, accruing interest at 6.5% per annum.

5

33.    The Revised Working Interest Purchase Agreement also provided for a 5% penalty to be added to each payment thirty (30) days past due.

34.    The Revised Working Interest Purchase Agreement with AA-J was executed in March 2006. Geostar made its initial disbursement of $300,000 to AA-J on May 3, 2006. Geostar has failed to make its scheduled payments since June 2006. The amounts unpaid exceed $2.3 million, plus accrued interest.

## PLAINTIFFS' INVESTMENTS

35.    Each of the Plaintiffs invested different amounts in Defendants' business ventures, as set forth below.

### Su-Sim's Investments

36.    After the Bifurcation, Su-Sims' position for its 2001 investment of $7,821,000 was as follows:

   a.    Fifteen percent (15%), in the amount of $1,583,733, was for the mare lease program with Classicstar;

   b.    Eighty-Five percent (85%), in the amount of $6,647,850, was for a Working Interest. Based on Su-Sim's agreement with Geostar, the Working Interest should have been converted to Gastar stock entitling Su-Sim to 3,323,925 shares in Gastar.

   c.    The Put to sell Gastar stock was $3 Per Share, totaling $9,971,775.

37.    After the Bifurcation, Su-Sim's position for its 2002 investment of $4,082,490 was as follows.

   a.    Twenty-Five percent (25%), in the amount of $1,020,623, was for the mare lease program with Classicstar;

   b.    Seventy-Five percent (75%), in the amount of $3,061,868 was for a Working

6

Interest. Based on Su-Sim's agreement with Geostar, the Working Interest should have been converted to Gastar stock entitling Su-Sim to 1,530,934 share in Gastar.

c.   The Put to sell the above mentioned Gastar stock was $3 per Share = $4,592,802.

38.   After Bifurcation, Su-Sim's position for its 2003 investment of $6,061,613 was as follows.

a.   Twenty-Five percent (25%), in the amount of $1,515,403, was for the mare lease program with Classicstar;

b.   Seventy-Five (75%), in the amount of $4,546,210 was for a Working Interest. Based on Su-Sim's agreement with Geostar, the Working Interest should have been converted to Gastar stock entitling Su-Sim to 2,273,105 shares in Gastar.

c.   The Put to sell the above mentioned Gastar stock was $3 Per Share = $6,821,523.

**AA-J's Investments**

39.   After Bifurcation, AA-J's position for its $3,586,682 investment was as follows:

a.   Thirty percent (30%), in the amount of $1,076,005, was for the mare lease program with Classicstar;

b.   Seventy percent (70%), in the amount of $2,510,677, was for a Working Interest. Based on AA-J's agreement with Geostar, the Working Interest should have been converted to Gastar stock entitling AA-J to 1,255,339 shares in Gastar.

c.    The Put to sell the above mentioned Gastar stock was $3 Per Share = $3,766,016.

**Derby Stakes Investment**

40.    After Bifurcation, Derby Stakes' position for its $2,476,271 investment was as follows.

a.    Thirty percent (30%), in the amount of $742,881, was for the mare lease program with Classicstar;

b.    Seventy percent (70%), in the amount of $1,733,390, was for a Working Interest. Based on Derby Stakes' agreement with Geostar, the Working Interest should have been converted to Gastar stock entitling Derby Stakes to 866,695 shares in Gastar.

c.    The Put to sell Gastar stock was $3 Per Share = $2,600,085.

## COUNT I – BREACH OF CONTRACT AS TO AA-J BREEDING

41.    Plaintiffs incorporate by reference all preceding paragraphs.

42.    Plaintiff AA-J Breeding had a contract or contracts with one or more of the Defendants as set forth above.

43.    Defendants breached the contract(s).

44.    As a promixate cause of Defendants' breach, Plaintiff has been damaged.

45.    The nature of Defendants' breach is material and substantial, thereby entitling Plaintiff to accelerate any indebtedness.

WHEREFORE, Plaintiff AA-J Breeding requests entry of a Judgment against Defendants for whatever amount Plaintiff is found to be entitled, plus interest, costs and attorneys' fees.

## COUNT II – BREACH OF CONTRACT AS TO SU-SIM

46.    Plaintiffs incorporate by reference all preceding paragraphs.

47.    Plaintiff Su-Sim had a contract or contracts with one or more of the Defendants as set forth above.

48.    Defendants breached the contract(s).

49.    As a promixate cause of Defendants' breach, Plaintiff has been damaged.

50.    The nature of Defendants' breach is material and substantial, thereby entitling Plaintiff to accelerate any indebtedness.

WHEREFORE, Plaintiff Su-Sim requests entry of a Judgment against Defendants for whatever amount Plaintiff is found to be entitled, plus interest, costs and attorneys' fees.

## COUNT III – BEACH OF CONTRACT AS TO DERBY STAKES

51.    Plaintiffs incorporate by reference all preceding paragraphs.

52.    Plaintiff Derby Stakes had a contract or contracts with one or more of the Defendants as set forth above.

53.    Defendants breached the contract(s).

54.    As a promixate cause of Defendants' breach, Plaintiff has been damaged.

55.    The nature of Defendants' breach is material and substantial, thereby entitling Plaintiff to accelerate any indebtedness.

WHEREFORE, Plaintiff Derby Stakes requests entry of a Judgment against Defendants for whatever amount Plaintiff is found to be entitled, plus interest, costs and attorneys' fees.

Respectfully submitted,

Marc L. Newman (P51393)
Jayson E. Blake (P56128)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
mln@millerlawpc.com
www.millerlawpc.com

Dated:  July 6, 2007

9

(Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
AA-J BREEDING, LLC, et al

**DEFENDANTS**
GEOSTAR CORPORATION, et al

**(b)** County of Residence of First Listed Plaintiff   Santa Ana, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Isabella County, Michigan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address and Telephone Number)
Marc L. Newman (P51393) Jayson E. Blake (P56128)
The Miller Law Firm, P.C.
300 W. University Dr, Ste. 300, Rochester, MI 48307 (248) 841-2200

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | | | |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | Case: 1:07-cv-12849 | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | Assigned To: Ludington, Thomas L | | |
| ☐ 151 Medicare Act | ☐ 340 Marine | | Referral Judge: Binder, Charles E | | ☐ |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | Filed: 07-09-2007 At 03:22 PM | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | CMP AAJ BREEDING ET AL V GEOSTAR CO | | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | RP (RRH) | | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI ( 405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statues unless diversity):

Brief description of cause:
Breach of Contract

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   7/9/07

SIGNATURE OF ATTORNEY OF RECORD   Jayson E. Blake / mgb with cash

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?      ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.      Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :